ELLIS, Judge:
Plaintiff Vernon L. Lewis injured his left knee in the course and scope of his employment as a pipefitter-welder on October 9, 1969. This suit is for workmen’s compensation benefits for permanent and total disability against his employer, H. E. Wiese, Inc. and Hartford Accident and Indemnity Company, its insurer. After trial on the merits, judgment was rendered in favor of plaintiff, awarding him benefits for permanent and total disability, and defendants have appealed.
The record reveals that about fifteen years before the accident in this case, plaintiff suffered a similar injury to the same knee. At that time, he testified that he rehabilitated the knee over a period of two or three years by exercise. He testified that thereafter he was able to perform the duties of his occupation without difficulty until the time of the accident involved herein.
On October 9, 1969, plaintiff injured his knee in an accident. The next day, the knee was swollen, and although he attempted to work, he felt it necessary to ■report the injury to his superintendent. He was given first aid therapy at his place of employment. On October 13, 1969, he saw Dr. James E. Grace, the company doctor. Dr. Grace said that plaintiff told him that the knee was swollen and painful on October 10 and 11, but that on the 12th and 13th it felt all right. Dr. Grace noted no swelling or instability of the knee, and found a good range of movement. He was unable to find any tender areas around the knee. He recommended continued therapy at the plant first aid station.
Plaintiff’s work record shows that from that time until August 24, 1970, he averaged more than forty hours per week. However, plaintiff testified that during that entire period, he was working in pain, and that he was unable to stoop, squat, or climb without discomfort. He testified that his co-workers relieved him of many of the burdens of performing such tasks.
Some of his co-workers testified that he complained of pain in his knee quite often, and they described a few occasions on which they did work for plaintiff which he claimed he was unable to do. On the other hand, his supervisors testified that plaintiff always did what he was told, that he was counted on to do overtime work, that his work was constantly satisfactory, and that they knew of no occasion when plaintiff failed to do his job in a thoroughly acceptable manner.
On September 15, 1970, plaintiff was examined by Dr. William E. Smith, an orthopedic surgeon. Based on his examination and the history given him, Dr. Smith was of the opinion that the accident of October 9, 1969, aggravated the pre-existing condition which resulted from the first accident, and that he could no longer perform all of the duties required of a pipefitter-welder. He testified that plaintiff could no longer work without substantial pain and difficulty.
On the other hand, Dr. Smith further testified that the trouble with plaintiff’s knee probably antedated the earlier accident and went back to an accident plaintiff might have suffered during his childhood. He further testified that, based on the history given him by plaintiff, and on his own physical examination, had he ex *149 amined plaintiff prior to the injury of October 9, 1969, he would have found him then disabled to do the work of a pipe-fitter-welder.
Defendants first contend that, in the light of the foregoing testimony, plaintiff failed to prove that his disability was caused by the accident of October 9, 1969, either directly or as the result of the aggravation of a pre-existing condition. We cannot agree. As we understand the testimony, plaintiff was fully able to carry out the duties of his occupation without pain, from about three years after the first accident until the time of the second accident. There is nothing in the record to the contrary except Dr. Smith’s opinion, which must yield to the fact, established by a preponderance of the evidence, that plaintiff was not then disabled as a matter of law.
We further think that the record supports the conclusion that, although plaintiff continued to do his work after the accident, he did so in substantial pain and with difficulty.
As was said in Flowers v. E. M. Toussel Oil Co., 190 So.2d 147 (La.App. 4 Cir. 1966):
“A workman is disabled and entitled to compensation under the act when, although physically able to work, he cannot do so without suffering substantial pain and discomfort.”
We therefore find plaintiff to be disabled within the meaning of the workmen’s compensation act.
 Defendants also complain of the award of 7% interest on past due installments of compensation benefits. We note that this suit was filed after the effective date of Act 315 of 1970, which amended Article 2924 of the Civil Code, to increase the rate of judicial interest from 5% to 7%. Since legal interest accrues from date of judicial demand, plaintiff is enti-tied to collect the rate of interest in effect as of the time of filing of his suit.
The judgment appealed from is therefore affirmed, at defendant’s cost.
Affirmed.