ELLIS, Judge.
Carl W. Thomas, Sr. injured his knee in the course and scope of his employment as a shipfitter with Southern Shipbuilding Corporation. This is a suit against Southern and Highlands Insurance Company, its workmen’s compensation insurer, seeking benefits for permanent and total disability, together with penalties and attorney’s fees. From a judgment awarding benefits for permanent and total disability, defendants have appealed.
The accident in which plaintiff was injured happened on August 9, 1972, when he slipped and fell, striking his left knee. On the next day, he was sent to a Dr. Nix, who advised him to take two or three weeks off and get on crutches. Plaintiff did not do this, but instead returned to work. His knee did not improve, and on September 25, 1972, he saw Dr. Luis Matta, an orthopedist, who diagnosed an osteochrondral fracture of the medial femoral condyle, and a torn medial semilunar cartilage. On October 19, 1972, surgery was performed, during which the cartilage was removed, and other procedures performed. On January 15, 1973, Dr. Matta felt that plaintiff had reached “a plateau in recovery” and discharged him to return to work, with a ten per cent residual disability of the left knee. He examined plaintiff on one other occasion, November 8, 1974, at which time he found no substantial change in the condition of the left knee. However, he testified that plaintiff complained of difficulty in going up and down ladders, and marked swelling of the knee joint, particularly in the afternoon. Plaintiff did not describe pain during the day, but complained of pain at night and occasional severe cramps involving the back of the knee and the leg. Dr. Matta also noted degenerative arthritic changes in the knee, which had pre-existed the injury.
He was of the opinion that the knee was stable and in substantially the same condition as before the surgery, subject to the ten per cent disability assigned, and that there was no reason why plaintiff should not be able to work as a shipfitter. Dr. Matta further testified that he could not say whether or not plaintiff experienced pain when he used his knee, or to what degree.
Dr. W. Hammond Newman, an orthopedist, first saw plaintiff on September 15, 1973, and was still treating him as of the time of trial on May 21, 1975. On September 15, plaintiff was complaining of an unstable feeling in the knee when he walked carrying weight, and a tearing feeling of the medial aspect of the left knee. He also complained of swelling. On examination, however, Dr. Newman found the knee to be quite stable. He noted periodic swelling and puffiness of the knee, but none was seen after October 12, 1974. He noted the presence of degenerative arthritis, which he felt was probably aggravated by the injury, and atrophy of the quadriceps muscle of the left leg. He was of the opinion that plaintiff would experience pain on stooping and climbing, and when carrying heavy weights, and that this difficulty would increase if *475 plaintiff worked long hours. However, he did not think the pain would be so severe that he would recommend that plaintiff not work. He was of the opinion that plaintiff ought to work, and recommended that he continue to work.
Plaintiff testified that he returned to work as soon as Dr. Matta told him to, and had continued to work since that time. He testified that he had been in continuous pain throughout that period. He did everything that he was told to do by his superiors, although he said there were some things which he could no longer do, including extended crawling in confined spaces, and lifting and carrying as much as he could before the accident. It is clear from the record that shipfitting is extremely heavy work, and that Mr. Thomas did substantially all that was required of him at work although somewhat limited by his injury. The record further shows plaintiff to be a tough and stoic individual.
We think that the record as a whole reflects that plaintiff’s left knee is stable, and that it is not dangerous to plaintiff to work as a shipfitter; that the knee is subject to a moderate degenerative arthritic condition which was probably aggravated by the injury; that plaintiff is constantly suffering pain in his left knee; and that he does perform substantially all of the duties required of him as a shipfitter.
Neither doctor believed plaintiff to be disabled. However, Dr. Matta would not speculate as to whether or not plaintiff was suffering pain. Dr. Newman testified that plaintiff was suffering pain, but did not feel that it should be so severe as to be disabling.
Plaintiff testified that the pain was both severe and constant, and that it restricted him somewhat in his employment. He testified that the pain would keep him awake at night, that he had given up both hunting and fishing because he could neither walk nor sit in a boat for long periods. He testified that he could not cut the grass or do other work around his home because of the pain, and that he worked only out of economic necessity.
The trial judge found that plaintiff’s ability to work was so impaired as the result of the pain he experienced that he was unable to compete in the labor market on an equal basis with other shipfitters. He was also of the opinion that plaintiff was working in severe pain. We find no manifest error in either of these findings of fact.
For pain to be considered disabling, it must be substantial enough to keep the employee from carrying out some of the functions of his job. Glidden v. Alexandria Concrete Company, 242 La. 626, 137 So.2d 894 (1962).
In this case, although plaintiff is substantially performing the duties of a shipfitter, he is no longer able to carry as much weight as he did prior to his injury, and is not assigned to jobs which involve extended crawling. We think the record as a whole, including both medical and lay testimony, reflects that the restriction in his activities results from pain which he suffers as a result of his injury. Under those circumstances, he is considered to be disabled, and entitled to compensation. See Lewis v. Weise, Inc., 268 So.2d 147 (La.App. 1 Cir. 1972).
The judgment appealed from is therefore affirmed at defendant’s cost.
AFFIRMED.